UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO M. GORGA,<br><br>  Plaintiff,<br><br>v.<br><br>THOR MOTOR COACH, INC.,<br><br>  Defendant. | Case No. 23-cv-03603-RFL<br><br>**ORDER DENYING MOTION TO TRANSFER AND SETTING FURTHER CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 13 |

　　　　After purchasing an allegedly defective vehicle, Julio M. Gorga filed an action for breach of warranties again the manufacturer, Thor Motor Coach, Inc., in California state court. TMC removed the case to this Court and now moves to transfer the case to federal court in Indiana based on a forum selection clause in TMC's warranty agreement. The motion to transfer is **DENIED**. This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

　　　　A forum selection clause is unenforceable if its enforcement "would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972)). Gorga contends that TMC's forum selection clause is unenforceable because applying the clause would cause him to lose unwaivable rights under California law, including but not limited to his rights as a buyer under the Song-Beverly Act and the Consumer Legal Remedies Act as well as his right to jury trial, in contravention of California public policy. (Dkt. No. 18 ("Opp.") at 3, 5.) *See* Cal. Civ. Code § 1751 ("Any waiver by a consumer of the provisions of [the CLRA] is contrary to public policy and shall be unenforceable and void."); Cal. Civ. Code § 1790.1 (providing that any waiver of the provisions

1

under the Song-Beverly Act except as provided for "shall be deemed contrary to public policy and shall be unenforceable and void"); *Grafton Partners v. Superior Ct.*, 36 Cal. 4th 944, 961 (2005) (holding that predispute jury waivers are invalid under Cal. Civ. Proc. Code § 631, which "holds inviolate the right to trial by jury").

TMC does not dispute that those rights are unwaivable under California law. (Dkt. No. 13 ("Mot.") at 8–9.) To eliminate Gorga's concerns, TMC offers to stipulate that Gorga may pursue claims under California law and receive a jury trial in Indiana. (*Id.*; Dkt. 13-3 ¶ 5.) TMC also states that it is "not preserving any argument to present to an Indiana court that Indiana law should provide anything other than what has been stipulated." (Dkt. No. 22 ("Reply") at 9.) Given these stipulations, TMC contends that Gorga's rights will not be diminished, and the forum selection clause is thus enforceable.

The parties have identified a split in the district courts addressing this issue. (*See* Opp. at 5–6 (citing *Waryck v. Thor Motor Coach, Inc.*, No. 22-CV-1096-L-MDD, 2023 WL 3794002 (S.D. Cal. Jan. 13, 2023)); Reply at 4 (citing *Zastawnik v. Thor Motor Coach, Inc.*, No. CV 22-08663-PSG-AS, 2023 WL 5167363 (C.D. Cal. June 16, 2023), among other cases).) The Court finds persuasive the reasoning in *Waryck* that accepting TMC's stipulations would contravene California public policy:

> When arguments about [the choice-of-law and jury waiver clauses] are initially raised in California courts, [TMC] may agree to stipulate them away. But there may be California consumers who file suit in Indiana originally, only to later discover that they somehow lost certain unwaivable rights. That scheme is contrary to California public policy and the Court should not condone or encourage it.

*Waryck*, 2023 WL 3794002, at *5. Other than asserting in a conclusory manner that *Waryck* involved "factual differences to the instant manner" (Reply at 3), TMC offers no response to the concerns raised by the court in that case.

TMC has apparently been aware since at least 2020 that its warranty agreements contain provisions that require consumers to give up rights that are, in fact, unwaivable under California law. (*See* Reply at 4 (collecting other cases since 2020 involving "identical" forum selection

clauses in TMC warranty documents that purported to waive rights that are unwaivable in California).)  Yet, TMC continued to include those provisions in its warranty agreements, including in the May 19, 2022 purchase in this case.  Rather than modify the language of the warranty agreements to preserve any rights that would be unwaivable under the law of the state in which the purchase occurred, TMC instead agrees to stipulate those rights away only after the issue is raised in court by those consumers savvy enough to file suit in California.  (*Id.* (citing a series of cases in which TMC offered such stipulations).)  That approach contravenes California public policy in precisely the way identified in *Waryck*.  Accepting TMC's stipulations and enforcing the forum selection clause would encourage and condone TMC's decision to continue using warranty agreements that it is aware contravene California public policy.

Based on the foregoing, the motion to transfer is denied.  The pretrial and ADR deadlines set forth in the initial scheduling order (Dkt. No. 21) continue to remain in place.  The parties are ordered to file a joint letter informing the Court of the name of their mediator and date of mediation by **February 23, 2024**.  A further case management conference is **SET** for **August 7, 2023, at 10:00 a.m., via videoconference**.  The parties' joint case management statement is due by **July 31, 2024**.

**IT IS SO ORDERED.**

Dated: February 6, 2024

RITA F. LIN
United States District Judge